

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

LOUISVILLE METRO GOVERNMENT
MAYOR'S OFFICE
527 W. JEFFERSON STREET
LOUISVILLE, KY 40202

RECEIVED
OCT 2 4 2019



## KCOJ eFiling Cover Sheet

Case Number: 19-CI-006549

Envelope Number: 1982887

Package Retrieval Number: 198288714132489@00000926988

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.40

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **19-CI-006549**<br>Court:   **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **BURR, ASHLEA, ET AL VS. LOUISVILLE METRO GOVERNMENT, ET AL**, *Defendant*

TO:  **LOUISVILLE METRO GOVERNMENT**
     **MAYOR'S OFFICE**
     **527 W. JEFFERSON STREET**
     **LOUISVILLE, KY 40202**



The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Davis L. Nicholson
Jefferson Circuit Clerk
Date: **10/21/2019**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____        Served By _____

Title _____

Summons ID: 198288714132489@00000926988
CIRCUIT: 19-CI-006549 Certified Mail
BURR, ASHLEA, ET AL VS. LOUISVILLE METRO GOVERNMENT, ET AL



Page 1 of 1


eFiled

NO. _____

JEFFERSON CIRCUIT COURT
DIVISION _____
JUDGE _____

ASHLEA BURR, MARIO DAUGHERTY,                 PLAINTIFFS
on behalf of themselves and as guardians and next friends of
minor children, J.B., Z.S.W. and Z.S.

v.

LOUISVILLE METRO GOVERNMENT,                  DEFENDANTS
JOSEPH TAPP, and UNKNOWN METRO POLICE OFFICERS

\*\*\* \*\*\* \*\*\*

## COMPLAINT AND JURY DEMAND

Plaintiffs, Ashlea Burr ("Ashlea") and Mario Daugherty ("Mario"), on behalf of themselves and as guardians and next friends of minor children, J.B., Z.S.W. and Z.S. ("Children")(collectively "Plaintiffs") state the following in support of their claims against Defendants, Louisville Metro Government ("Metro"), Detective Joseph Tapp ("Tapp"), and unknown Metro police officers ("Officers").

## PRELIMINARY STATEMENT AND ALLEGATIONS

Plaintiffs are a family of five who live in Louisville, including three children under the age of 16 who attend Jefferson County schools. On the morning of October 26, 2018, approximately 14 Swat Team officers raided their home, including smashing the front door, exploding materials, and drawing assault rifles on minor children. The raid was not supported by probable cause and was based purely on a search warrant affidavit that included materially false statements and omissions that merely alleged that someone could have been smoking marijuana at their residence on two occasions three weeks and three days prior to the raid.

Defendants' misconduct could have very easily resulted in the death of a parent or child for no good reason but did result in the violation of Plaintiffs' constitutional rights and significant emotional damage. Their conduct should be judicially redressed, not only to provide justice to

Plaintiffs, but so that this does not happen again – perhaps next time with an innocent child or parent being shot and killed. This action is brought under 42 U.S.C. § 1983 and related state law claims.

## PARTIES and JURISDICTION

1. Plaintiffs are residents of Louisville, Kentucky.

2. Metro is a legal governmental entity.

3. The facts giving rise to this lawsuit occurred in Jefferson County, Kentucky, and Defendants are otherwise subject to the personal jurisdiction of this Court.

4. The amounts Plaintiffs seek in this lawsuit exceed the minimal jurisdictional amount of this Court, and jurisdiction and venue in this Court are otherwise proper.

## FACTS

5. Plaintiffs reside at 1920 W. Chestnut Street, Louisville, Kentucky (the "Residence").

6. Plaintiffs are upstanding citizens, and the Residence is a single family household.

7. J.B. was a 13-year-old male at the time of the raid, and his sisters, Z.S.W. and Z.S., were 14-year-old twins at the time of the raid.

8. The Children attend Jefferson County schools.

9. Plaintiffs are of African American decent.

10. Plaintiffs are not and were not drug dealers at the time of the raid.

11. On October 26, 2018, Tapp and a swat team of approximately 13 other Metro police officers raided Plaintiffs' Residence.

12. Tapp and/or other Officers broke into the house without reasonable advance warning, knocking or probable cause, including breaking the glass front door.

13. Tapp and/or other Officers used exploding devices during the raid, which extremely frightened Plaintiffs.

14. Tapp and/or other Officers drew assault rifles on Plaintiffs, including the Children, while yelling commands.

15. Plaintiffs initially thought they were being robbed.

16. Ashlea shielded her Children from the rifles, and Ashlea and Mario were extremely frightened that their Children would be maimed or killed and/or that they themselves would be maimed or killed. The Children were extremely frightened that they and/or someone in their family would be killed.

17. Mario was forced on the ground at gunpoint.

18. Z.S. ran through the back door and into the yard in an effort to reach her grandmother's house next door. Officers drew their assault rifles on her, yelling commands at her to get on the ground (back yard). Z.S. was extremely frightened, began crying and submitted to the ground. It was cold and rainy, and Z.S. was not wearing any socks, shoes or a jacket. She repeatedly requested to be taken to her grandmother's next door, but the Officers refused the requests, kept her in the cold, wet conditions, and kept their rifles on her.

19. Plaintiffs were searched, including one Officer expressing that Z.S. may have weapons in her hair.

20. The Officers and Tapp continued to detain Plaintiffs, with rifles drawn on them, even after it became clear that the Residence was a family household – not a drug dealer's lair.

21. Plaintiffs have suffered past, present and future severe emotional distress as a result of the raid, including, but not limited to the descriptions above, and also one or more of the Plaintiffs: (a) having difficulty sleeping; (b) being afraid when they hear loud bangs or knocks on

the door; (c) being afraid to go outside; (d) being afraid of the police; (e) fearing being shot and/or death; (f) continuing to lock bedroom doors; and (g) undergoing counseling.

22. Defendants initially misrepresented (through a claims adjuster) to Plaintiffs' counsel that no body camera footage of the raid existed and attempted to conceal this evidence.

23. Metro later provided body camera footage but the footage was almost completely redacted visually and audibly. Plaintiffs expressly reserve the right to amend this Complaint after discovery, including, but not limited to, once unredacted copies of the body camera footage is provided, particularly given that the incident was very traumatic for Plaintiffs.

24. Defendants falsely represented (through a claims adjuster) that Plaintiffs were "drug dealers" who deserved how they were treated.

25. Defendants' conduct was willful, in bad faith, malicious, and/or with reckless disregard for Plaintiffs' rights.

**COUNT I – JOSEPH TAPP REGARDING THE SEARCH WARRANT**

26. Plaintiffs reassert all prior paragraphs as if fully set forth herein.

27. In his "probable cause" affidavit, Tapp represented that a "black male named Anthony McClain is growing marijuana and has multiple bags of marijuana packaged for sale in the front bed room." Tapp also represented that "a white female named Holly was his girlfriend and owned the house."

28. Those representations were false, made willfully and/or in reckless disregard for the truth, and even the most basic due diligence would have revealed their falsity.

29. A simple search of Jefferson County's PVA records would have shown that a man named Kevin Hyde owns the house.

30. Ashlea and Mario rent the house.

4

31. Nobody named Anthony McClain or Holly lived at the house at or near the time of the raid.

32. Ashlea is not white.

33. The Children's grandmother lives next door.

34. Nobody in the house was growing marijuana or had multiple bags of marijuana packaged for sale.

35. The search did not reveal evidence of growing marijuana.

36. The search did not reveal multiple bags of marijuana packaged for sale.

37. The alleged facts purportedly observed by Tapp do not support probable cause that someone was growing and dealing marijuana at the Residence.

38. The supposed probable cause was that a "black male" named Mario Daugherty visited the house and was the registered owner of a Jaguar, a unidentified "black male" visiting the residence for approximately 10 minutes one day weeks prior to the raid, and that Tapp allegedly smelled "fresh marijuana" coming from within the Residence on two occasions.

39. One of the occasions when Tapp allegedly smelled marijuana was three weeks prior to the warrant being served. On the other occasion, Tapp did not even attempt to knock on the door. On neither occasion did Tapp obtain any additional information regarding who (if anyone) was smoking marijuana or lived in the house – much less any information that would give probable cause that someone was growing and dealing marijuana.

40. There was no probable cause to believe that cocaine, heroin, or any other illegal narcotics were being distributed from the Residence.

41.  Tapp, in his official capacity and under color of law, made materially false statements and/or omissions to obtain the search warrant with either knowledge of its falsity or omission or with reckless disregard for the truth.

42.  Tapp is not entitled to qualified immunity.

43.  Such conduct violated Plaintiffs' Fourth Amendment rights to be protected from unreasonable searches and seizures and to be free from warrants without probable cause.

44.  Such conduct violates 42 U.S.C. § 1983.

### COUNT II – TAPP AND OFFICERS FOR ILLEGAL SEARCH AND SEIZURE

45.  Plaintiffs reassert all prior paragraphs as if fully set forth herein.

46.  The law requires that all entries, searches and seizures with a warrant must be executed in a reasonable manner.

47.  It is completely unreasonable to execute a warrant that vaguely mentions someone potentially smoking marijuana at a residence with a swat team of 14 officers, exploding devices, forced entry, and assault rifles, particularly when no investigation was done to determine who lived in the Residence and given the other false statements and omissions in the affidavit.

48.  Tapp and the Officers' conduct after entry was also unreasonable and excessive, as detailed above.

49.  Tapp and the Officers' conduct in executing the warrant violated Plaintiffs' Fourth Amendment rights to be protected from unreasonable searches and seizures.

50.  Such conduct violates 42 U.S.C. § 1983.

## COUNT III – METRO'S CUSTOM

51. Plaintiffs reassert all prior paragraphs as if fully set forth herein.

52. Upon information and belief, Metro's policy or custom regarding obtaining and/or executing search warrants served to deprive Plaintiffs of their Fourth Amendment rights to be protected from unreasonable searches and seizures and to be free from warrants without probable cause.

53. Upon information and belief, Metro fails to adequately train its officers regarding obtaining search warrants in order to protect citizens' Fourth Amendment rights to be protected from unreasonable searches and seizures and to be free from warrants without probable cause.

54. Upon information and belief, Metro fails to adequately train its officers regarding executing search warrants in order to protect citizens' Fourth Amendment rights to be protected from unreasonable searches and seizures and to be free from warrants without probable cause.

55. Metro's policy or custom results in the issuance of search warrants in predominantly African American neighborhoods without probable cause and/or in an unreasonable manner in violation of the Fourth Amendment.

56. Metro is deliberately indifferent to the known or obvious consequences of its policies and customs.

57. Metro's conduct violates 42 U.S.C. § 1983.

## ADDITIONAL COUNTS – STATE LAW CLAIMS

58. Plaintiffs reassert all prior paragraphs as if fully set forth herein.

59. The following causes of action are asserted against Tapp and the Officers, in their individual and official capacities.

60. Tapp and the Officers restrained, confined and held Plaintiffs against their will, depriving them of liberty without consent.

61. Thus, they falsely imprisoned Plaintiffs.

62. Tapp and the Officers' conduct was deliberate, unreasonable, and/or with gross disregard for Plaintiffs' rights.

63. Tapp and the Officers' conduct exceeded all reasonable bounds of decency and was outrageous and intolerable in a civilized community.

64. The conduct caused severe emotional distress to Plaintiffs.

65. Thus, it amounts to the tort of outrage.

66. Tapp and the Officers' are liable for official misconduct, pursuant to KRS § 522.020 and KRS § 446.070, because they intended to obtain or confer a benefit or to injure Plaintiffs or to deprive Plaintiffs of a benefit, knowingly: (a) committing an act relating to his office which constitutes an unauthorized exercise of his official functions; or (b) refrains from performing a duty imposed upon him by law or clearly inherent in the nature of his office; or (c) violates any statute or lawfully adopted rule or regulation relating to his office.

67. Defendants have violated Section 10 of the Bill of Rights of the Kentucky Constitution to be free from unreasonable search and seizure and to be free from warrants without probable cause, and without description as nearly as may be.

## DAMAGES

68. As the result of each and every cause of action, Plaintiffs suffered damages, including emotional injuries, past, present, and future, in amounts to be determined by the jury, nominal damages, property damage, punitive damages, and their attorney fees, court costs, and interest.

**WHEREFORE**, Plaintiffs respectfully request this Court:

1. Grant trial by jury;

2. Enter Judgment against Defendants and in Plaintiffs' favor, including compensatory damages, punitive damages, court costs, interest at the legal rates, and attorney's fees; and

3. Grant any and all other relief the Court or jury deems appropriate.

                Respectfully submitted:

/s/ Joshua T. Rose
Joshua T. Rose
ABELL ROSE LLC
108 S. Madison Ave.
Louisville, KY 40243
(502) 450-5611
jrose@abellroselaw.com

*Counsel for Plaintiffs*

| AOC-105<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | Doc. Code: CI | **CIVIL SUMMONS** | Case No. _____<br>Court     ✔ Circuit ☐ District<br>County   Jefferson |
|---|---|---|---|

**PLAINTIFF**

ASHLEA BURR, MARIO DAUGHERTY, on behalf of themselves and as guardians and next friends of minor children, J.B, Z.S. and Z.S.

VS.

1st 5 of Zip

**DEFENDANT**

Louisville Metro Government

Mayor's Office

527 W. Jefferson Street

Louisville          Kentucky          40202

**Service of Process Agent for Defendant:**

_____

_____

_____

_____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

   You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

   The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2_____          _____Clerk

                                                By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                              Served by: _____

                                         _____Title

| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. _____<br>Court  ✔ Circuit ☐ District<br>County  Jefferson |
|---|---|---|

**PLAINTIFF**

ASHLEA BURR, MARIO DAUGHERTY, on behalf of themselves and as guardians and next friends of minor children, J.B, Z.S. and Z.S.

VS.

1st 5 of Zip

**DEFENDANT**

Unknown Metro Police Officers

c/o Louisville Metro Police Department

633 W. Jefferson Street

Louisville                    Kentucky                    40202

**Service of Process Agent for Defendant:**

_____
_____
_____
_____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2_____        _____Clerk
                                                       By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____Title

| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. _____<br>Court   ✔ Circuit   ☐ District<br>County   Jefferson |
|---|---|---|

**PLAINTIFF**

ASHLEA BURR, MARIO DAUGHERTY, on behalf of themselves and as guardians and next friends of minor children, J.B, Z.S. and Z.S.

VS.

1st 5 of Zip

**DEFENDANT**

Joseph Tapp
c/o Louisville Metro Police Department
633 W. Jefferson Street
Louisville          Kentucky          40202

**Service of Process Agent for Defendant:**

_____
_____
_____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2____      _____ Clerk
                                    By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____
            _____ Title