**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**NO. 3:19-CV-790-DJH**

ASHLEA BURR, *et al.*                                                                 PLAINTIFFS

v.        **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
          **PLAINTIFF'S CLAIMS AGAINST METRO GOVERNMENT**
          **(electronically filed)**

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, *et al.*                                                  DEFENDANTS

**\* \* \* \* \* \* \***

Comes Defendant, Louisville-Jefferson County Metro Government (Metro Government),

by counsel, and moves the Court to dismiss Plaintiff's claims against it pursuant to Fed. R. Civ. P.

12(b)(6) for failure to state a claim upon which relief may be granted.  As grounds for this Motion,

Metro Government states as follows:

**Introduction**

According to the Complaint, 14 SWAT officers executed a search warrant at the home of

the Plaintiffs on October 26, 2018.  Plaintiffs contend that the search warrant was based on an

affidavit "that included materially false statements and omissions . . ." *See Complaint, p. 1.*

Plaintiffs allege that their Fourth Amendment rights were violated both because the search

warrant was not supported by probable cause and because the search warrant was not executed in

a reasonable manner.  *See Counts I and II.*  Plaintiffs further asserted that Metro Government has

§1983 liability under multiple theories.  *See Count III.*  All other claims were raised against

Officer Tapp and the individual officers involved in the warrant execution.  Only those claims

raised against Metro Government will be addressed herein.

<b>Argument</b>

A complaint should be dismissed for failing to state a claim upon which relief can be

granted when it appears beyond doubt the complaint sets forth no set of facts, which if proved,

would entitle the plaintiff to relief.  Federal Rule of Civil Procedure 12(b)(6).  In deciding whether

to dismiss  a complaint for failing to state a claim for which relief can be granted, the Court must

construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations

as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his

claims that would entitle him to relief.  *Ley v. Visteon Corp.*, 540 F.3d 376, 380 (6th Cir. 2008);

*Lillard* v. *Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996).  While the court is required

to accept all factual allegations as true, it is not required to accept legal conclusions.  *Ashcroft v.*

*Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The Court is not required "to accept as true a legal conclusion

couched as a factual allegation."  *Id* at 1950.  "While legal conclusions can provide the framework

of a complaint, they must be supported by factual allegations."  *Id*.

### I.       Plaintiffs Failed to State a Valid §1983 Claim Against Metro Government

When a §1983 claim is made against a municipality such as Metro Government, this court

must analyze two distinct elements: (1) whether plaintiff's harm was caused by a constitutional

violation, and (2) if so, whether Metro Government is responsible for that violation.  *Collins v.*

*City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  A municipality can be held liable under

§1983 only when the municipality itself is responsible for the constitutional violation.  *City of*

*Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989).  There is no *respondeat superior* or vicarious

2

liability under §1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). It is only those cases where "a custom, policy or practice attributable to the municipality was the 'moving force' behind the violation of the plaintiff's constitutional rights" that municipal liability attaches. *Heyerman v. County of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012).

"Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of the City Commr. of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403-404 (1997). To hold Metro Government accountable, therefore, Plaintiffs must demonstrate that their Constitutional rights were violated and that an official policy or custom caused their constitutional rights to be violated. *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Additionally, Plaintiffs must prove that the policy or custom was the "moving force" behind the constitutional violation. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). In short, they must "identify the policy, connect the policy to [Metro Government] itself, and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987).

Assuming, for purposes of this motion only, that Plaintiffs' Constitutional rights were violated, they have failed to establish that the constitutional violation was pursuant to a policy, custom or practice of Metro Government. Plaintiffs alleged no facts within their Complaint to support a claim against Metro Government. Plaintiffs generally asserted that, "Metro's policy or custom . . . served to deprive Plaintiffs of their Fourth Amendment rights," "Metro fails to adequately train its officers regarding obtaining search warrants," "Metro fails to adequately train

3

its officers regarding executing search warrants," "Metro's policy or custom results in the issuance of search warrants in predominantly African American neighborhoods without probable cause," and "Metro is deliberately indifferent to the known or obvious consequences of its policies and customs." Plaintiffs provided no facts within the Complaint to support these conclusory allegations related to Metro Government.

"These bare assertions . . . amount to nothing more than a 'formulaic recitation of the elements'. . . As such, the allegations are conclusory and not entitled to be assumed true." *Ashcroft*, 129 S.Ct. at 1951, citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 at 554-555, 127 S.Ct. 1955 (2007). When considering a motion to dismiss, the Court is not required to accept, "conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (emphasis added). "The Plaintiff's Complaint instead 'must contain either direct or inferential allegations with respect to all material elements necessary to sustain recovery under some viable legal theory.'" *Id.*, quoting *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007).

All allegations raised against Metro Government are simply conclusory legal allegations that are not supported by the facts pled throughout the Complaint. Plaintiffs Complaint fails to establish a policy, practice, or custom of Metro Government that they allege caused their constitutional rights violations. Consequently, there can be no §1983 liability on the part of Metro Government. This claim must be dismissed.

## II.    Punitive Damages

Plaintiff requested punitive damages in her prayer for relief. Plaintiff requested punitive damages pursuant to 42 U.S.C. §1981 although she did not raise a §1981 claim in her Complaint. Further, Municipalities are immune from punitive damages in §1983 claims. *City of Newport v.*

*Fact Concerts, Inc.*, 453 U.S. 247, 248 (1981).  As such, Plaintiffs are not entitled to an award of punitive damages against Metro Government with respect to the §1983 claims.  Metro Government is similarly protected from punitive damages with respect to the state law claims.  CALGA prohibits the recovery of punitive damages against a municipality.  See KRS 65.2002; *Louisville Metro Housing Authority v. Burns*, 198 S.W.3d 147 (Ky. App. 2005).  Clearly, any punitive damages claim against Metro Government must be dismissed.

### Conclusion

For the foregoing reasons, Metro Government respectfully request this Honorable Court to enter the attached order dismissing all of Plaintiffs' claims against it.

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

 /s/ *Susan K. Rivera*
SUSAN K. RIVERA
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Louisville, Kentucky 40202
Phone (502) 574-3076
Fax (502) 574-4215
Susan.rivera@louisvilleky.gov
*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was electronically filed on November 5, 2019. Further, it is hereby certified that a copy of the foregoing was mailed on November 5, 2019, via first-class U.S. mail, postage prepaid to:

5

Joshua T. Rose
ABELL ROSE LLC
108 S. Madison Ave.
Louisville, KY 40243

/s/ *Susan K. Rivera*
Susan K. Rivera