UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| ASHLEA BURR, *et al.* ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | NO. 3:19-CV-790-DJH |
| ) | |
| LOUISVILLE METRO GOVERNMENT, *et al.* ) | |
| ) | |
| Defendants ) | |

## ANSWER TO AMENDED COMPLAINT

Come now the Defendants, Louisville Metro Government ("Metro") and Detective Joseph Tapp, by counsel, and for their Answer to Plaintiffs' Amended Complaint, state as follows.

1. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint.

2. In response to Paragraph 2 of Plaintiffs' Amended Complaint, Defendants state that Metro Government is a consolidated local government pursuant to KRS 67C.

3. Paragraphs 3 and 4 of Plaintiffs' Amended Complaint state legal conclusions that do not require responsive pleadings. Defendants do not contest that this Court has jurisdiction in this matter.

4. Defendants admit the allegations contained in Paragraph 5 of the Amended Complaint.

5. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations in Paragraphs 6, 7, 8, 9, 10, and 11, of Plaintiffs' Amended Complaint and, therefore, deny same at this time.

6. In response to Paragraphs 12, 13, 14, and 15 of Plaintiffs' Amended Complaint, Defendants admit that LMPD SWAT officers secured the house and that Tapp and other officers then executed a search warrant, that SWAT officers used a diversionary device, and that SWAT officers had weapons drawn during the execution of the warrant.

7. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations in Paragraphs 16 and 17 of the Amended Complaint and therefore deny same.

8. With respect to the allegations contained in Paragraphs 18, 19, 20, and 21, Defendants state that the incident at issue was recorded by body camera, and the body camera videos will speak for themselves.

9. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations in Paragraphs 22, 23, and 24 of the Amended Complaint and therefore deny same.

10. Paragraph 25 of Plaintiffs' Amended Complaint states legal conclusions that do not require responsive pleadings.

11. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint and therefore deny same.

12. Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint.

13. With respect to Paragraph 28 of the Amended Complaint, Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

14. With respect to the allegations contained in Paragraph 29 of the Amended Complaint, Defendants state that the probable cause Affidavit will speak for itself.

15. Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

16. Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraphs 31, 32, 33, 34, 35, or 36 of the Amended Complaint.

17. With respect to the allegations contained in Paragraphs 37 and 38 of the Amended Complaint, Defendants state that bags of marijuana were found during the search; although Defendants admit that there were not multiple bags packaged for sale.

18. Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

19. With respect to the allegations contained in Paragraphs 40, 41, and 42 of the Amended Complaint, Defendants state that the probable cause Affidavit speaks for itself.

20. Defendants deny the allegations contained in Paragraphs 43, 44, 45, 46, 47, 48, and 49 of the Amended Complaint.

21. With respect to Paragraph 50 of the Amended Complaint, Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

22. Paragraphs 51, 52, 53, 54, 55, and 56 state legal conclusions that do not require responsive pleadings. To the extent that responsive pleadings are required, Defendants deny the allegations contained in these Paragraphs of the Amended Complaint.

23. With respect to Paragraph 57 of the Amended Complaint, Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

24. Defendants deny the allegations contained in Paragraphs 58, 59, 60, 61, 62, 63, 64, 65, 66, and 67 of the Amended Complaint.

25. With respect to Paragraphs 68, 69, 70, and 71 of the Amended Complaint, Defendants acknowledge that no investigation into the search warrant at issue or its execution was conducted. With respect to the incident report referenced in Paragraph 69, Defendants state that the incident report authored by a non-defendant officer will speak for itself. Defendants deny all allegations of wrongdoing contained in these Paragraphs.

26. Defendants deny the allegations contained in Paragraphs 72, 73, 74, and 75 of the Amended Complaint.

27. With respect to Paragraph 76 of the Amended Complaint, Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

28. Paragraph 77 states a legal conclusion to which no responsive pleading is required.

29. Defendants deny the allegations contained in Paragraphs 78, 79, 80, 81, 82, 83, 84, and 85.

30. Paragraph 86 of the Amended Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim for which relief can be granted.

2. The Amended Complaint is barred by the applicable statute of limitations.

3. Defendant, Joseph Tapp, is entitled to qualified immunity.

4. Defendants are entitled to absolute immunity.

5. Metro Government is entitled to immunity.

6. Defendant, Joseph Tapp, in his official capacity, is entitled to sovereign immunity.

7. Plaintiffs have failed to join necessary and/or indispensable parties needed for just adjudication.

8. The Plaintiffs' injuries and damages, if any, were caused in whole or in part from intervening acts and/or superseding causes over which Defendants have no control or for which Defendants have no responsibility or liability.

9. Defendants affirmatively plead each of the enumerated defenses contained in Federal Rules of Procedure 8 and 12, including but not limited to waiver, laches and estoppel, to the extent such defense or defenses are or may be applicable.

10. Plaintiffs have failed to mitigate damages, if any, and are therefore barred from relief.

11. Punitive damages are not recoverable against a municipal defendant.

12. Plaintiffs have failed to state a claim for punitive damages against Defendant, Joseph Tapp.

13. Plaintiffs' claim for punitive damages is barred, in whole or in part, by KRS §411.184 et seq. and provisions of the Constitutions of the United States of America and Commonwealth of Kentucky pertaining to equal protection, due process, and the prohibition against the imposition of excessive fines and penalties.

14. Defendants expressly reserve the right to file further pleadings and to assert additional defenses as the proof develops.

**WHEREFORE,** Defendants respectfully request:

1. Dismissal of Plaintiffs' Amended Complaint with prejudice;

2. Trial by jury;

3. Their costs expended herein; and

4. Any and all other relief to which he appears reasonably entitled.

Respectfully Submitted,

MIKE O'CONNELL
JEFFERSON COUNTY ATTORNEY

/s/ *Susan K. Rivera*
Susan K. Rivera
Assistant Jefferson County Attorney
200 S. Fifth Street, Suite 300N
Louisville, Kentucky 40202
PHONE: (502) 574-3076
FAX: (502) 574-5573
EMAIL: susan.rivera@louisvilleky.gov
*COUNSEL FOR DEFENDANTS*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 2, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will automatically send copies to all counsel of record.

      /s/ *Susan K. Rivera*
      *Counsel for Defendants*