**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**


**NO. 3:19-CV-790-DJH-RSE**


**ASHLEA BURR,** *et al.*                                                                    **PLAINTIFFS**


**v.**            <u>**MEMORANDUM IN SUPPORT OF MOTION FOR**</u>
<u>**DEPOSITION BY REMOTE MEANS**</u>
<u>**(electronically filed)**</u>


**LOUISVILLE/JEFFERSON COUNTY**
**METRO GOVERNMENT,** *et al.*                                              **DEFENDANTS**


\* \* \* \* \* \* \*


Comes Defendant, Joseph Tapp, by counsel, and moves the Court to Order that his deposition be taken via remote means pursuant to Fed. R. Civ. P. 30(b)(4).  As grounds for this Motion, Metro Government states as follows:

After having conducted initial written discovery, Plaintiffs have sought to take the deposition of Detective Tapp.  The undersigned counsel for Detective Tapp initially provided dates of availability for a remote deposition due to the COVID-19 pandemic.  However, counsel for Plaintiff stated that the deposition needed be in person and noticed it as such for December 17, 2020.  *See Notice to Take Deposition, attached as Exhibit 1.*  As the date for the deposition approached, the undersigned counsel again requested that the deposition be conducted remotely citing the continued high volume of COVID cases in the community.  Counsel for Plaintiff refused to schedule a remote deposition, and unilaterally noticed Detective Tapp's deposition to occur on January 20, 2021 at his office after the undersigned repeatedly stated that she would not provide

dates for an in-person deposition. *See email chain, attached as Exhibit 2; Amended Notice to Take Deposition, attached as Exhibit 3.*

While there has been promising news lately with the advancement of a vaccine to fight the COVID pandemic, we are still living in a pandemic, with regularly increasing numbers of cases. Medical experts have continued to predict that the winter months will be particularly dangerous. *See "CDC Chief warns Americans face 'rough' winter from COVID-19 surge," attached as Exhibit 4.* Throughout the duration of the pandemic, members of the legal profession have adapted to the use of technology in the form of remote appearances at both hearings and depositions. The use of remote depositions has not only been allowed pursuant to the Federal Rules of Civil Procedure but encouraged as a safe and responsible means of allowing cases to move forward. *See Damron v. Liberty Mut. Ins. Co.*, No. 19-11497, 2020 WL 3071850, at *1 (E.D. Mich. June 10, 2020), citing *Wilkens v. ValueHealth LLC*, No. 19-1193-EFM-KGG, 2020 WL 2496001, at *2 D. Kan. May 14, 2020, finding that "Federal Rule of Civil Procedure 30(b)(4) permits depositions by remote means. And during the current pandemic, '[v]ideo or teleconference depositions and preparation are the 'new normal' and most likely will be for some time. Litigation cannot just come to an indefinite halt.'" Further, Courts have determined that, "it is quite clear that in-person depositions can impose an unreasonable burden on witnesses, parties, and lawyers during this pandemic." *Faford v. Grand Trunk W. R.R. Co*., 335 F.R.D. 503, 505 (E.D. Mich. 2020), citing *Joffe v. King & Spalding, LLP*, No. 17-3392, 2020 WL 3453452, at *8 (S.D.N.Y. June 24, 2020).

In light of the continuing COVID-19 pandemic and its unknown duration, Defendant Tapp respectfully requests that his deposition that has now been noticed for January 20, 2020 be conducted remotely.

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY


 /s/ *Susan K. Rivera*
SUSAN K. RIVERA
Assistant Jefferson County Attorney
200 S. Fifth Street, Suite 300N
Louisville, Kentucky 40202
Phone (502) 574-3076
Fax (502) 574-4215
Susan.rivera@louisvilleky.gov
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will automatically send copies to all counsel of record.


/s/ *Susan K. Rivera*
Susan K. Rivera