## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

### NO. 3:19-CV-790-DJH-RSE

**ASHLEA BURR,** *et al.*                                                                                     **PLAINTIFFS**

**v.**            **REPLY TO RESPONSE TO MOTION FOR**
                  **DEPOSITION BY REMOTE MEANS**
                  **(electronically filed)**

**LOUISVILLE/JEFFERSON COUNTY**
**METRO GOVERNMENT,** *et al.*                                                            **DEFENDANTS**

**\* \* \* \* \* \* \***

Comes Defendant, Joseph Tapp, by counsel, and for his reply to Plaintiff's Response to his Motion for Deposition by Remote Means, states as follows:

First, Plaintiffs argued that Defendant is actually seeking a protective order pursuant to FRCP 26(c)(1). However, given the fact that a pandemic is a relatively new issue and the Federal Rules of Civil Procedure specifically allow for depositions to be conducted by remote means, the motion was brought pursuant to FRCP 30(b)(4). If necessary, Affidavits of both Defendant Tapp and the undersigned counsel may be provided to address their specific concerns.

While Plaintiff has assumed that Detective Tapp has continued working in the field and office, this is not accurate. Detective Tapp has been on administrative leave throughout the COVID-19 pandemic. It is also important to note that while Plaintiffs claim that an in person deposition is relatively safe with only four people in the room, it is not only those people in the room that may be impacted. As we know, if one person contracts this illness, it can spread very easily through the community. Accordingly, it is not only the burden and concerns of Detective Tapp and counsel that are to be considered. Given that the risk of being in person in a room, talking and passing documents around, involves the possibility of contracting and spreading an

illness that has killed over 300,000 individuals in this country alone and left countless others with long term medical complications, Plaintiffs' argument that the benefits to them of taking Detective Tapp's deposition in person outweighs the risk is extremely callous.  There is no case, regardless of how much media and political attention it has received, that is worth the risk of bringing such an illness home to the undersigned's infant or four year old or spreading it to other members of the community.

While Plaintiffs state that they would choose to wait to take Detective Tapp's deposition in person, the undersigned simply cannot agree to any dates in person at this time.  Waiting to take what Plaintiffs have characterized as the most important deposition in this case could push the deadlines and cause unnecessary delay in the progress of the case when there is a perfectly viable option which is being used widely as adjustments are being made for living and working during a pandemic.  Conducting Detective Tapp's deposition remotely will allow this case to move forward in a safe manner.  Defendant respectfully requests that the motion to take his deposition by remote means be granted.

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY


 /s/ *Susan K. Rivera*
SUSAN K. RIVERA
Assistant Jefferson County Attorney
200 S. Fifth Street, Suite 300N
Louisville, Kentucky 40202
Phone (502) 574-3076
Fax (502) 574-4215
Susan.rivera@louisvilleky.gov
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on December 28, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will automatically send copies to all counsel of record.

                  /s/ *Susan K. Rivera*
                  Susan K. Rivera