## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:19-CV-00790-DJH

**ASHLEA BURR, et al.**                                                                                                           **PLAINTIFFS**

**VS.**

**LOUISVILLE METRO GOVERNMENT, et al.**                                   **DEFENDANTS**

### ORDER

In this 42 U.S.C. § 1983 civil rights action, the parties disagree as to the manner of conducting Defendant Joseph Tapp's deposition in light of the ongoing coronavirus pandemic. Defendant Joseph Tapp ("Defendant Tapp") requested that his deposition be conducted virtually; however, Plaintiffs Ashlea Burr, et al. ("Plaintiffs") noticed the deposition to take place in person on December 17, 2020 (DN 18-2) and then issued an amended notice for it to take place in person on January 20, 2021 (DN 18-4).

Defendant Tapp has now filed a Motion for Remote Deposition. (DN 18). Plaintiffs responded in opposition, arguing that Defendant Tapp will not be unduly burdened by an in-person deposition and that conducting in-person depositions is "reasonably safe." (DN 19). Taking Defendant Tapp's deposition in person is of great importance, Plaintiffs assert, because counsel can better gauge and control his veracity and testimony, because it is much easier to present documents to the witness, and because of the constitutional and public policy issues at stake in the case. (*Id.*). If unable to take Defendant Tapp's deposition in person in January of 2021, Plaintiffs state they will likely wait to take the deposition until in-person appearance is possible. (*Id.*). In reply, Defendant Tapp emphasizes that despite the media and political attention this case has received, the benefits of his deposition being conducted in person do not outweigh the risks that the participants could contract and spread the virus.

(DN 20). Defendant Tapp will not agree to any in-person dates at this time and argues that waiting for in-person availability would unnecessarily delay the progress of the case. (*Id.*).

Federal Rule of Civil Procedure 30(b)(4) permits the Court on motion order to require "a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). Over the last ten months, district courts have frequently applied this Rule in allowing depositions to proceed with videoconference technology because it is a "sensible, practical, and legal, 'solution'" and is the "preferred method of coping with the complications and perils the pandemic has wrought." *Faford v. Grank Trunk Western Railroad Co.*, 335 F.R.D. 503, 504-05 (E.D. Mich. 2020) (citing *Damron v. Liberty Mut. Ins. Co.*, No. 19-11497, 2020 WL 3071850, at *1 (E.D. Mich. June 10, 2020)); *see also H&T Fair Hills, Ltd. v. Alliance Pipeline L.P.*, No. 19-1095 (JNE/BRT), 2020 WL 5512517, at *3 (D. Minn. Sept. 14, 2020) (while "there may be advantages of in-person depositions under normal circumstances; however, due to the pandemic, 'conducting depositions remotely is becoming the new normal.'") (quoting *Rouviere v. DePuy Orthopaedics, Inc.,* No. 1:18-cv-04814(LJL)(SDA), 2020 WL 3967665, at *3 (S.D.N.Y. July 11, 2020)); *Hines v. Safeco Ins. Co. of Am.*, 3:18-cv-00304-JRW, 2020 WL 5237525, at *5 (W.D. Ky. Sept. 2, 2020) ("due to the COVID-19 global pandemic . . . the parties are directed to utilize video conferencing and/or other electronic means to take remote depositions . . .").

District courts have "overwhelmingly endorsed depositions moving forward by remote means during the pandemic" because they promote the safest environment by eliminating potential transmission of the virus between participants. *H&T Fair Hills*, 2020 WL 5512517, at *1, 3 (citations omitted). Within this District, significant hearings in civil and criminal cases are routinely being conducted by video. *See, e.g.,* General Order No. 20-25 ("[e]ach presiding judge shall retain the discretion to conduct hearings in person or by way of video or telephone

conferencing"); General Order 20-28 (extending "the use of video and telephone conferencing . . . for various criminal case events).

Plaintiffs have failed to establish grounds for preventing Defendant Tapp's remote deposition. Plaintiffs claim that Defendant Tapp's remote deposition would be an insufficient substitute for his in-person deposition but do not cite any legal authority for this position. On the contrary, case law indicates that ample resources exist to facilitate the smooth operation of a remote deposition. *See Swenson v. GEICO Casualty Co.*, 336 F.R.D. 206, 212 (D. Nev. 2020) (citing *Grano v. Sodexo Mgmt, Inc.*, 335 F.R.D. 411, 414-15 (S.D. Cal. 2020); *United States for use and benefit of Chen v. K.O.O. Construction, Inc.*, 445 F. Supp. 3d 1055, 1057 (S.D. Cal. 2020) (finding that voluminous and highly detailed exhibits are not a bar to remote videoconference depositions)). Similarly, Plaintiffs' unsupported references to the national media attention the case has garnered and the important constitutional and public policy issues at stake do not outweigh the safety concerns discussed above.

Courts have also disapproved of Plaintiffs' position here that if prevented from taking Defendant Tapp's in-person deposition in January 2021 they will likely wait to conduct his deposition. *See Faford* 333 F.R.D. at 505 (rejecting the idea of waiting until "things get back to normal" and telling attorneys to adjust); *see also Swenson*, 336 F.R.D. at 211 ("video depositions are an effective tool to keep cases moving forward in the current climate."). The Court will not allow Plaintiffs to delay Detective Tapp's deposition indefinitely, considering that there are no concrete answers to when in-person matters may safely resume.

While the Court is sympathetic to the challenges the legal community faces during this pandemic, attorneys must adapt to new ways of practicing law, including preparing for and conducting depositions remotely, as authorized by Rule 30(b)(4).

...

4

**IT IS THEREFORE ORDERED** that Defendant Tapp's Motion for Remote Deposition (DN 18) is **GRANTED.** Defendant Tapp will not be required to appear in person for his January 20, 2021 deposition.

Regina S. Edwards, Magistrate Judge
United States District Court

January 7, 2021

Copies:    Counsel of Record